UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KENNETH K. WILLIAMS,

        Plaintiff,

                              Civil No. 3:22-cv-12388

D. BRASSFIELD,
        Defendant.
_____/

## OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT

Plaintiff Kenneth Williams filed a pro se civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed without prepayment of under 28 U.S.C. § 1915(a)(1) (ECF No. 2). Plaintiff names as the sole defendant Defendant D. Brassfield, a mailroom staff member at the G. Robert Cotton Correctional Facility in Jackson, Michigan, where Plaintiff is incarcerated. The Complaint avers that Defendant violated Plaintiff's First, Sixth, and Fourteenth Amendment rights by opening and reading his mail outside of his presence and by refusing to turn over his mail thereby denying him access to the courts. Because Plaintiff fails to establish the "imminent danger" exception to the "three strikes" provision of the Prison Litigation Reform Act of 1996 (the "PLRA"), the court will deny his application to proceed without prepayment of fees and costs and dismiss the action without prejudice.

### I. DISCUSSION

Under the PLRA, a prisoner may be precluded from proceeding without

prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Plaintiff has filed at least three prior civil actions or appeals, which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Williams v. Murray*, No. 1:11-cv-12564 (E.D. Mich. Aug. 5, 2011) (imposing three-strikes bar and citing three of Plaintiff's previous actions). He is thus barred from proceeding in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff must allege that the threat or prison condition is "real and proximate", and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul Akbar v. McKelvie*, 239 F.3d

307, 313 (3d Cir. 2001) (en banc)).

Here, Plaintiff alleges no such facts. There is no fact showing that Plaintiff is in imminent danger of serious physical injury. Indeed, every claim is based on Defendant's alleged interference with Plaintiff's mail and his access to the courts in another lawsuit, which present no danger of physical harm. Accordingly, the Court will deny Plaintiff's application for leave to proceed without prepayment of the filing fee and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II.  CONCLUSION

IT IS ORDERED that Plaintiff's "Application to Proceed in District Court without Prepaying Fees or Cost" (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Complaint for Violation of Civil Rights Pursuant to 42 U.S.C. sec. 1983" (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2022, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (810)292-6522

S:\Cleland\Cleland\NTH\Habeas & Staff Attorney\22-12388.WILLIAM.Dismiss1983.threestrike.SW.NH.docx